FILED

NOV 20 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re )  Case No. 07-13478-B-13
) 
Francisco Javier Moreno, )  DC No. PWG-2
) 
Debtor. )
)

**MEMORANDUM REGARDING EX PARTE APPLICATION
FOR ORDER EXTENDING THE AUTOMATIC STAY**

This bankruptcy was filed on October 25, 2007. The Debtor has been in one prior chapter 13 case that was dismissed for failure to make plan payments within one year prior to commencement of this case. On November 19, 2007, the Debtor filed a motion to extend the automatic stay (the "Motion") under 11 U.S.C. § 362(c)(3)(B). The Debtor set that Motion for hearing on Judge Rimel's Bakersfield calendar on November 28, 2007. The Debtor also filed an ex parte application to extend the automatic stay until the noticed hearing pursuant to 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 9006(b) (the "Ex Parte Application"). For the reasons set forth below, the Ex Parte Application will be denied.

Bankruptcy Code § 362 (c)(3)(A) provides that the automatic stay in this case *shall terminate* with respect to the Debtor on the 30th day, here November 24, 2007, after the filing of the case unless it is properly extended. Code § 362(c)(3)(B) provides that the automatic stay may be extended after *notice to creditors and a hearing*. That hearing must be *completed* before expiration of the 30 days.

Here, the Debtor's Motion was not set for hearing within 30 days after commencement of the case. Extending the time for a hearing under Rule 9006(b) will not postpone termination of the stay, which is mandatory by the plain meaning of § 362(c)(3)(A). The Debtor cites no authority for the proposition that the automatic stay



can be extended by ex parte application, even for one day.  By the time of the scheduled hearing on the Motion, the Motion will be moot.  It will be too late to grant the relief requested.

In support of the Ex Parte Application, the Debtor's counsel states, without explanation, that he was unable to set a timely motion on one of the regularly scheduled Bakersfield calendars.[1]  However, this court's published calendar for setting expedited BAPCPA hearings specifically contemplates that such hearings in Bakersfield cases may be set on a Fresno calendar in either court.  The Debtor offers no explanation why he failed to set this motion for a hearing on some available calendar within the time contemplated in the Code.  Accordingly, the Ex Parte Application to Extend the Stay beyond November 24, 2007, will be DENIED.

Dated: November 20, 2007

W. Richard Lee
United States Bankruptcy Judge

---

[1] This court had a regularly scheduled chapter 13 calendar in Bakersfield on November 7, 2007, which was 13 days after the petition was filed.

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

| | | |
|---|---|---|
| Francisco Javier Moreno<br>205 S Lexington St<br>Delano, CA 93215 | Phillip W. Gillet Jr.<br>1705 27th St<br>Bakersfield, CA 93301-2807 | 07-13478-B-13F<br>Moreno |
| Michael H. Meyer<br>3447 W Shaw #B<br>Fresno, CA 93711 | Office of the U.S. Trustee<br>2500 Tulare St #1401<br>Fresno, CA 93721 | Phillip W. Gillet Jr.<br>Fax (661) 323-3078 |

DATED: November 20, 2007        By: /s/ Diana D. Morales
                                      Deputy Clerk

EDC 3-070 (New 4/21/00)